IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              : CIVIL ACTION NOS. 17-CV-5849
JUSTIN FORD,                        : 18-CV-2169
   Plaintiff.                       :

FILED
JUN -7 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

MEMORANDUM

PRATTER, J.                                                    JUNE    , 2018

Plaintiff Justin Ford, currently incarcerated at the Wakulla Correctional Institution in Florida, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Detective Matthew J. Lohenitz, the Northampton County Police, and the Commonwealth of Pennsylvania. The gist of his claims is that he was denied due process because he was not notified of forfeiture proceedings against money that had been seized from him during a 2001 arrest in Northampton County. Northampton County is located within the Eastern District of Pennsylvania.

Mr. Ford initially filed suit in the Northern District of Florida. That court transferred the case to the Eastern District of Pennsylvania in December of 2017. *See Ford v. Commonwealth of Pa.*, C.A. No. 17-235 (N.D. Fla.). In May of 2018, Mr. Ford filed a new case in this District based on the same set of facts, which was docketed as *Ford v. Commonwealth of Pa.*, C.A. No. 18-2169 (E.D. Pa.). Upon receipt of his new complaint, this court discerned that, apparently due to an administrative error, the case Mr. Ford filed in the Northern District of Florida was not received in this District in December. Accordingly, the Court arranged anew to receive the transfer of Mr. Ford's first-filed case, which has been docketed as *Ford v. Commonwealth*, C.A. No. 17-5849 (E.D. Pa.).

In the first-filed case, Civil Action Number 17-5849, Mr. Ford's Motion to Proceed *In Forma Pauperis* remains pending. For the following reasons, the Court will grant him leave to

proceed *in forma pauperis* and dismiss his Complaint as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Mr. Ford presumably filed Civil Action Number 18-2169 due to the error in processing his first case, as to that case, the Court will deny his Motion to Proceed *In Forma Pauperis* and dismiss his complaint without prejudice to the Court's consideration of his previous, substantively identical, filings in Civil Action Number 17-5849.

## I. FACTS AND PROCEDURAL HISTORY

Mr. Ford filed his complaint in the Northern District of Florida in September of 2017 along with a Motion to Proceed *In Forma Pauperis*. (C.A. No. 17-5849, ECF Nos. 1 & 2.) Shortly thereafter, he filed his Amended Complaint. (*Id.* ECF No. 4.) The Magistrate Judge assigned to the case in Florida issued an order informing Mr. Ford that his submissions were incomplete and that he would be required to submit a complete complaint and motion to proceed *in forma pauperis*, along with a certified copy of his prisoner account statement showing six months of account activity. (*Id.* ECF No. 6.)

Mr. Ford returned with a Motion to Proceed *In Forma Pauperis* and prisoner account statement and a pleading that was docketed as a First Amended Complaint, even though it appears to be the Second Amended Complaint in this case. (*Id.* ECF Nos. 8 & 9.) Upon consideration of that pleading, the Magistrate Judge transferred the case to this district pursuant to 28 U.S.C. § 1406.[1] (*Id.* ECF No. 10). Now that the administrative error has been resolved, as noted above, Mr. Ford's case is properly before this Court.

For ease of reference, the Court will refer to the governing pleading in this case as the Second Amended Complaint, even though it was formally docketed as a First Amended Complaint. (*Id.* ECF No. 8.); *see also Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2

---

[1] After the transfer, Mr. Ford filed a "Motion for Judicial Notice," which the Magistrate Judge in the Northern District of Florida denied as moot.

2

(3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)). In any and all events, the Court notes that it has reviewed all of Mr. Ford's filings in both cases he filed, and the facts underlying his claims are essentially the same throughout his pleadings, no matter where or when docketed.

The Second Amended Complaint asserts claims against the Commonwealth of Pennsylvania, the Northampton County Police, and Detective Matthew J. Lohenitz. Mr. Ford alleges $1,489.00 was seized from him when he was arrested by officers of the Northampton County Police Department on December 7, 2001. Mr. Ford was released on bond in 2001 and went to the police station to retrieve his property. He was allegedly told "that [he] wasn't getting anything back." (ECF No. 8 at 5 & 9.) Mr. Ford alleges that he "believed them, then in 2003 all charges [were] dismissed," and it appears he was charged federally. (*Id.* at 5); *see United States v. Ford*, Crim. A. No. 03-126 (E.D. Pa.). Mr. Ford alleges that he remained in federal custody until 2006. He also contends that the Northampton County police knew of his whereabouts during that time.

A review of public dockets reflects that on December 7, 2001, Mr. Ford was charged with possession of a small amount of marijuana, firearms offenses, and conspiracy in the Northampton County Court of Common Pleas. *See Commonwealth v. Ford*, Docket No. CP-48-CR-0000796-2002. On December 19, 2001, forfeiture proceedings were initiated with respect to the $1,489.00 seized from Mr. Ford in the course of his arrest. *See In re: Ford*, CP-48-MD-0000329-2001. The state court granted that forfeiture petition on February 13, 2002. *Id.* The state criminal charges against Mr. Ford were nolle prossed in March of 2003. *See Commonwealth v. Ford*, Docket No. CP-48-CR-0000796-2002.

3

In the instant civil action, Mr. Ford's primary allegation is that his money was seized without due process. He contends that he was not provided with notice of the forfeiture and that Detective Lohenitz falsely indicated on a forfeiture notice that Mr. Ford refused to sign the document. Mr. Ford actually alleges that, had he been notified of the forfeiture proceedings, he would have contested the forfeiture. According to a document attached to the Second Amended Complaint, which Mr. Ford appears to have sent to the Northampton County Police Department, he claims that he "took . . . for face value that [he] was not entitled to [his] money because authorities told him so" but that he since "came to the knowledge that [he has] a constitutional right to due process and that [he] had to be served through the courts and informed why [he is] not entitled to any of [his] property back." (C.A. No. 17-5849, ECF No. 8 at 9.) Public records reflect that Mr. Ford filed a motion in the Northampton County Court of Common Pleas on September 12, 2016 seeking the return of his property, but his motion was denied as untimely. Moreover, that judgment was affirmed on appeal shortly before he initiated the instant civil action seeking monetary damages. As relief, Mr. Ford requests $1,489.00, as well as $1,500.00 "a year for every year [his] property was not returned to [him]." (C.A. No. 17-5849, ECF No. 8 at 7.)

## II. STANDARD OF REVIEW

The Court will grant Mr. Ford leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

---

[2] However, because Mr. Ford is a prisoner, he will be permitted to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

4

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by, Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Because Mr. Ford is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Pennsylvania's two-year limitations period applies to Mr. Ford's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). His claims accrued when he "ha[d] a complete and present cause of action, that is, when [he could] file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam).

The limitations period may be tolled in accordance with Pennsylvania law, which applies to Mr. Ford's § 1983 claims unless inconsistent with federal law. *Dique*, 603 F.3d at 185. Pennsylvania allows for tolling based on the "discovery rule," which "delays the running of the

5

statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause," *Beauty Time, Inc. v. VU Skin Sys., Inc.*, 118 F.3d 140, 144 (3d Cir. 1997) (quotations omitted), and based on fraudulent concealment. *See* 42 Pa. Cons. Stat. § 5504; *see also Aivazoglou v. Drever Furnaces*, 613 A.2d 595, 598 (Pa. Super. Ct. 1992). "Under Pennsylvania's fraudulent concealment doctrine, the statute of limitations is tolled where the defendant undertakes an 'affirmative and independent act of concealment that would prevent the plaintiff from discovering the injury despite the exercise of reasonable diligence.'" *Barren v. Allegheny Cty. Pennsylvania*, 607 F. App'x 130, 131–32 (3d Cir. 2015) (per curiam) (quoting *Bohus v. Beloff*, 950 F.2d 919, 926 (3d Cir. 1991)).

Federal law allows for tolling in "three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000). Federal tolling law, like Pennsylvania tolling law, requires a plaintiff to exercise reasonable diligence in investigating and bringing his claims. *See, e.g., McPherson v. United States*, 392 F. App'x 938, 945 (3d Cir. 2010).

Here, Mr. Ford knew that $1,489 was seized from him in December of 2001. His claims accrued when his property was seized without due process, *i.e.*, in February of 2002 when the state court ordered the property forfeited without his having been properly notified. However, Mr. Ford did not initiate this case until September of 2017, more than 15 years later.[3] Accordingly, Mr. Ford's claims are untimely---unless they are saved by tolling.

---

[3] Mr. Ford's initial Complaint does not reflect when it was delivered to prison authorities for mailing, but it is dated September 7, 2017 and was received in the Northern District of Florida on September 14, 2017.

6

Understandably, Mr. Ford was not aware of the basis for his claim when his property was forfeited in light of his allegation that he was not afforded notice of the forfeiture. However, the Court concludes that he did not exercise reasonable diligence in pursing his claims so as to justify tolling for 15 years. Certainly by 2003, when the state charges were dropped, Mr. Ford reasonably should have known to challenge the authorities' continued detention of his property. Even assuming that the federal charges were related to the seizure of Mr. Ford's money, he alleges that he was released from federal custody by 2006. To the extent Mr. Ford is relying on his relatively recent understanding of his constitutional rights, his lack of knowledge of the law does not provide a basis for tolling. *See Palmer v. City of Harrisburg, PA*, No. 1:CV-06-1973, 2007 WL 3342792, at *4 (M.D. Pa. Nov. 8, 2007) ("While it may be true that Plaintiff lacked the knowledge that he could file a civil complaint during the statute of limitations period, his lack of knowledge is irrelevant."), *aff'd*, 276 F. App'x 105 (3d Cir. 2008) (per curiam); *cf. Ross v. Varano*, 712 F.3d 784, 799–800 (3d Cir. 2013) ("The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling.").

Mr. Ford may believe that he was misled by the police in 2001 when he visited the police station upon being released on bail and was told "that [he] wasn't getting anything back." (C.A. No. 17-5849, ECF No. 8 at 5 & 9.) Although it is understandable that Ford may have been discouraged by his interaction with the police, that representation in 2001—before the money was deemed forfeited—does not justify tolling, especially since he could have learned of the forfeiture if he were diligent. Indeed, nothing in Mr. Ford's filings suggest that he could not have discovered his injury as a result of the remark. To the contrary, he could have searched public dockets, petitioned the state court, or asked his attorney to look into the matter.

7

Accordingly, because Mr. Ford failed to exercise reasonable diligence under the circumstances, the Court concludes that the remark does not equitably toll the limitations period for 15 years on the basis that Mr. Ford was actively misled. The Court will therefore dismiss Mr. Ford's case as time-barred.[4] *See Shalhoub v. Depreta*, 439 F. App'x 106, 108 (3d Cir. 2011) (per curiam) (affirming dismissal of complaint under § 1915 because plaintiff's "lack of diligence in investigating his claims and filing his complaint [was] fatal to his equitable tolling argument.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Ford's Complaint. As Mr. Ford cannot cure the defects in his claims, he will not be permitted to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

---

[4] Mr. Ford's claims against the Commonwealth of Pennsylvania and the Northampton County Police also fail as a substantive matter. The Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity from suits under § 1983 and, in any event, is not considered a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Mr. Ford's claims against Northampton County Police fail because, assuming the "Northampton County Police" is a suable entity, he has not articulated a municipal policy or custom so as to provide a basis for municipal liability under § 1983. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *see also McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy the pleading standard for municipal liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was").